UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOY TERRELL SMITH,                                    No. C 06-2503 SI (pr)

        Petitioner,                          **ORDER OF DISMISSAL**

    v.

JEANNE WOODFORD, director,

        Respondent.

———————————————————————/

**INTRODUCTION**

      Toy Terrell Smith filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Now before the court for consideration is respondent's motion to dismiss the petition as time-barred.  The court finds that the petition, filed sixteen years after the conviction became final, was untimely.   Respondent's motion will be granted and the action will be dismissed.

**BACKGROUND**

      Smith was convicted in Alameda County Superior Court of attempted murder in the first degree and was found to have personally used a firearm and to have personally inflicted great bodily injury on the victim.  In 1988, he received an indeterminate life sentence in prison.   He appealed.  The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review on June 27, 1990.

Smith filed two state habeas petitions. His first habeas petition was filed in the California Court of Appeal on November 20, 2003, and denied on January 15, 2004. His second state habeas petition was filed in the California Supreme Court on November 5, 2004, and denied on September 21, 2005 with a citation that indicated it had been rejected as untimely.

The petition in this action was stamped "filed" on April 11, 2006. The habeas petition was deemed filed March 29, 2006, the date of the post-mark on the envelope in which it came to the court, because there is no evidence that Smith gave it to prison officials any earlier than that day to mail. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

The current action is Smith's second federal habeas action. His first federal petition was filed in the Eastern District on October 4, 1996, transferred to this district on December 2, 1996, and dismissed on January 13, 1997, for failure to submit an in forma pauperis application or pay the filing fee. See Smith v. Gomez, N. D. Cal. No. C 96-4339 SI (formerly E. D. Cal. No. 96-CV-01744-GEB-GHH).

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). For cases in which the convictions became final before the April 24, 1996 enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year grace period so that their

petitions were due by April 24, 1997.  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

The first step is to determine when the limitations period began.  Smith's conviction became final in 1990, so he is one of the petitioners who had a one-year grace period to file federal habeas petitions after the enactment of the AEDPA.  The presumptive deadline for Smith to file was April 24, 1997.  He missed that by nine years, so unless he is entitled to some tolling, his petition was very untimely.

The next step is to determine whether any statutory tolling applies.  The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  No tolling is allowed under § 2244(d)(2) for federal petitions.  See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).  Smith's first state habeas petition was filed on November 20, 2003, and the last one denied on September 21, 2005.  By the time Smith's first state petition was filed, the limitations period had already ended so he receives no statutory tolling for the state habeas petitions.  "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations."  Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

The last step is to determine whether any equitable tolling is warranted.  Equitable tolling of the limitations period is available upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).  In his opposition brief, Smith presents a grab-bag of reasons he should receive equitable tolling.  The court will not require the parties to develop the evidence on Smith's various excuses

1   because, even if they are assumed to be true and sufficient to warrant tolling, they do not toll the

2   limitations period for enough time to save Smith, as shown below.

3          The limitations period started on April 24, 1996.  At least 6 days of the 365-day

4   limitations period passed before the first potential tolling event of him being transferred to

5   Salinas Valley State Prison in May 1996.  He states that the new AEDPA rules were posted but

6   "the newly opened prison's law library was not up and running for approximately four to five

7   months from its opening."  Petitioner's Reply, p. 3 (Docket # 6.)   Assuming he went to Salinas

8   Valley on the first day of May, the law library inadequacy might have tolled the limitations

9   period for May - September 1996.

10         Perhaps no additional days of the limitations period occurred between the end of the

11  tolling event of the inadequate law library and the start of the next tolling event of the filing of

12  the first federal petition on October 4, 1996.  Of course, the filing of the first federal petition

13  undermines any suggestion that Smith should get any tolling for the law library problem – if the

14  unopened law library prevented him from filing from May - September 1996, one wouldn't

15  expect him to have filed his first federal habeas petition on October 4, 1996.

16         After the first federal petition was denied on January 13, 1997, at least another 137 days

17  went by before the next potential tolling event, a prison riot in June 1997 in which Smith "was

18  an involuntary participant," id.  Smith states that as a result of his activity in the riot, he was put

19  in a segregated housing unit and separated from his legal work until his transfer to Calipatria

20  State Prison in October 1997.  He states that when he was at Calipatria, he "then continued

21  habeas corpus preparations and proceedings."  Id.

22         Assuming Smith was transferred to Calipatria State Prison on the last day of October

23  1997, at least another 273 days passed before the next potential tolling event, i.e., his first

24  alleged state habeas petition in the state superior court.  Smith states that he filed a state habeas

25  petition on some date in August 1998 that was denied on August 31, 1998.   He states that a

26  lockdown then occurred that interfered with his ability to present his habeas petition to the next

27  level in state court for an unstated amount of time.

28

4

1
2
3
4
5
6

    By the time Smith arrived at Calipatria, the limitations period had already expired, as at least 416 days (6+137+273) of untolled time had already passed since the one-year limitations period began on April 24, 1996.  The analysis could end here, but the court continues onward because there are at least another 222 days of untolled time immediately before this action was filed.  When those 222 days are added to the 416 days, the untimeliness become even more pronounced.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

    The next potential tolling event occurred in August 1999, when Smith was put in the correctional clinical case management system for mental health care and suffered from depression.  He states that he was transferred to Pelican Bay on September 28, 1999 to receive mental health care and remains at that prison.  He states that Pelican Bay was on lockdown when he arrived for an unidentified period of time.  The conditions at Pelican Bay and any mental health problems Smith might have had were not such as to completely prevent Smith from litigating.  Smith filed a state habeas petition on November 20, 2003, filed another state habeas petition on November 5, 2004, and filed a <u>pro se</u> civil rights case in this court on August 19, 2005, i.e., <u>Smith v. Woodford</u>, C 05-3373 SI.  Smith actively pursued that civil rights action in the seven months after it was filed and immediately before this action was filed, as indicated by the court's receipt from him of a complaint and pauper application on August 19, 2005, a letter on September 19, 2005, a letter on December 9, 2005, a letter on December 19, 2005, an amended complaint on January 5, 2006, a letter on January 19, 2006, a letter on March 3, 2006, a letter on March 6, 2006.  There is no reason to believe that Smith's mental health or the conditions at the prison prevented him from filing the current habeas action in the seven months (222 days)  preceding its filing when he was able to pursue his civil rights action.  Adding that 222 days to the 416 untolled days that had passed before he arrived at Calipatria means that he filed his petition after 638 days (or more than 21 months) of untolled time had passed.  Since he had only 365 days of untolled time to get to federal court, he missed the deadline by about 273 days (or more than nine months).

27
28

1    Smith's federal petition was deemed filed on March 29, 2006.  By that date, at least 638

2  days of untolled time had passed since the one-year limitations period started.  Smith missed the

3  deadline by more than nine months.

4

5                                          **CONCLUSION**

6    Respondent's motion to dismiss is GRANTED.  (Docket # 4.)  This action is dismissed

7  because the petition was not filed before the expiration of the habeas statute of limitations

8  period.  The clerk will close the file.

9    IT IS SO ORDERED.

10  DATED: May 21, 2007                    _____

11                                          SUSAN ILLSTON
                                          United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          6